**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| WENDELL CRUSE, | : | Case No. 3:26-cv-70 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| SCOTT SPRINGETTI, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court following *pro se* Plaintiff's failure to respond to the Court's May 13, 2026 Order to Show Cause. (Doc. #6)

In March 2026, Plaintiff, a resident at the Tri-County Regional Jail (TCRJ), initiated suit under 42 U.S.C. § 1983. (Doc. #2). That same day, the Clerk of Court issued a Notice of Deficiency to Plaintiff, informing Plaintiff that his initiating material did not include the filing fee or a motion for leave to proceed *in forma pauperis* and did not include a civil cover sheet. (Doc. #3). On April 14, 2026, the mail containing the notice was returned as undeliverable. (Doc. #4). On May 4, 2026, further mail sent to Plaintiff was also returned as undeliverable. (Doc. #5).

On May 13, 2026, the undersigned ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute. (Doc. #6). Plaintiff was advised that failure to show cause on or before May 29, 2026, could result in the dismissal of this case for failure to prosecute. *Id.* (citing *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Despite this warning, Plaintiff failed to respond to this Court's Order

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

to Show Cause, and the time for doing has expired. On May 28, 2026, the mail containing the Show Cause Order was returned as undeliverable and unable to forward. (Doc. #7).

A plaintiff has an affirmative duty to notify the court of any change in his address. *See Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."). Indeed, a plaintiff's failure to supply the Court with an updated address may subject the case to dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address").

When contemplating dismissal of a case under Rule 41(b), a court must consider four factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998); *see also Sullivan v. Waffle House*, No. 1:06-cv-63, 2006 WL 3007360 (E.D. Tenn. Oct. 19, 2006) (applying four-part inquiry to a plaintiff's failure to update his address).

2

In the present case, these factors weigh in favor of dismissal.  First, Plaintiff's failure to update his address constitutes willfulness, bad faith, or fault, because it demonstrates reckless disregard for how his actions, or inactions, impact his case.  *See Wu v. T.W. Tang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) ("For a plaintiff's actions to be motivated by bad faith, willfulness or fault, his conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings"); *see also Fountain v. Warden, Franklin Med. Ctr.,* 2013 WL 2468361, at *2 (S.D. Ohio June 7, 2013), *report and recommendation adopted,* 2013 WL 3467057 (S.D. Ohio July 9, 2013) (citing *Sullivan*, 2006 WL 3007360, at *2) (finding that a plaintiff's failure to update his address exhibited reckless disregard for the effect of his conduct on the proceedings); *Keaton v. Bennett*, 322 F.R.D. 303, 305 (N.D. Ohio 2017) (finding that *pro se* plaintiff's failure to provide the court with updated contact information was "indicative of his disregard for the court's ability to manage th[e] litigation in an orderly fashion" and amounted to fault).  Plaintiff has deprived this Court of a means to contact him about his case or a method to notify him when motions or other proceedings require his response or opposition.

Second, as this case is in its preliminary stages, the record does not establish that Defendants have been prejudiced by the delay.  *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008) (finding that time and effort spent on "typical steps in the early stages of litigation" are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute).  The Court notes that unnecessary delay could prejudice Defendants, but nonetheless finds that this second factor applies neutrally at this time.

Third, the Court's Show Cause Order explicitly stated that Plaintiff's failure to update his address could result in dismissal of this case.  (Doc. #15).  Although the Order was returned as undeliverable, the Court nevertheless attempted to warn Plaintiff that his conduct would result in

3

a dismissal.  *See Sullivan*, 2006 WL 3007360, at * 2 (dismissing action even though the Court's warnings did not reach the plaintiff due to his failure to update his address); *Bryant v. Warden, Franklin Cnty. Corr. Ctr.*, No. 2:17-CV-00335, 2017 WL 6520874, at *2 (S.D. Ohio Dec. 4, 2017), *report and recommendation adopted,* No. 2:17-CV-00335, 2017 WL 6508595 (S.D. Ohio Dec. 20, 2017) (same).

Last, the undersigned concludes that there is no sanction less drastic than dismissal that would be appropriate under the circumstances.  Any other sanction that the Court might impose would not reach Plaintiff because he has left the Court with no means of contacting him.  *See Sullivan*, 2006 WL 3007360, at * 2 ("[E]ven if the Court were to implement sanctions less drastic than dismissal, the case would remain stalled due to the Court's inability to communicate with Plaintiff."); *Alger v. McDowell*, No. 19-12889, 2022 WL 2349722, at *2 (E.D. Mich. May 12, 2022), *report and recommendation adopted,* 2022 WL 2345737 (E.D. Mich. June 29, 2022) ("[G]iven Plaintiff's failure to respond to the Court's Order to Show Cause, the undersigned sees no utility in considering or imposing lesser sanctions.").

For these reasons, the undersigned concludes that dismissal without prejudice is appropriate.

### IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute; and

2. The case be terminated on the Court's docket.

June 4, 2026                                                  *s/Peter B. Silvain, Jr.*
                                                             Peter B. Silvain, Jr.
                                                             United States Magistrate Judge

4

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).